# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RONALD J. WILLIAMS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 7269 |
| | ) |
| **CAROLYN W. COLVIN**, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Ronald Williams ("Williams") has just filed this action in which he seeks judicial review of the final decision of Acting Commissioner of Social Security Carolyn Colvin ("Colvin") denying his claim for a period of disability and disability insurance benefits under the Social Security Act. Williams' counsel has coupled the Complaint with a filled-out In Forma Pauperis Application ("Application"), completed on the Clerk's-Office-supplied form, which reflects Williams' inability to pay the $400 filing fee and is accordingly granted.

With that done, this memorandum order turns to the litigation itself. As this Court regularly does with newly-filed social security actions assigned to its calendar, it is contemporaneously issuing an order that sets a status hearing date -- but it anticipates the likelihood that before that status hearing date arrives counsel for Williams and for Colvin may arrive at a briefing schedule for the likely cross-motions for summary judgment that usually attend reviews of social security cases.

In the interim, however, this Court has noted a startlingly serendipitous aspect of the case. Complaint ¶ 4 alleges that Williams' application for benefits was assigned to and denied by

Administrative Law Judge ("ALJ") Jose Anglada, after which that ALJ denied reconsideration and the Appeals Council denied Williams' request for review. When Williams then sought judicial review in this District Court, Magistrate Judge Young Kim granted the parties' agreed motion for a reversal and remand for further proceedings, after which the Appeals Council issued an order granting that relief and ALJ Anglada conducted a hearing and once again denied Williams' claim, following which the Appeals Council declined jurisdiction.

When this Court saw the name "Anglada" in reading the Complaint, that triggered its recollection that the same ALJ (previously unknown to this Court) had been the subject of an article in the Chicago Daily Law Bulletin just two days before the July 15 filing date of this action. That article reported that Magistrate Judge Susan Cox had sent back another social security case for further proceedings, together with a strong recommendation that the case be assigned to someone other than ALJ Anglada. That same article went on to report in part:

> Other judges on Chicago's federal bench have found the same shortcomings in unrelated cases Anglada handled, Cox wrote, citing Griffin v. Colvin, No. 14 C 1182 (N.D. Ill. Oct. 28, 2014), and Wilson v. Colvin, No. 13 C 8458 (N.D. Ill. Sept. 29, 2014).
>
> Because ALJ Anglada has had similar issues erring in decisions, especially issues with "cherry-picking" information, Cox wrote, the court believes it may be appropriate to have this case remanded to a different ALJ.

It can only be hoped, of course, that what Judge Cox has described does not reflect some disability (bad pun intended) on the part of the ALJ here. Needless to say, this Court will keep an open mind on the subject and will see what the parties' cross-submissions reveal.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 19, 2016