IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD WILLIAMS, ) | |
| ) | No. 16 C 7269 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ronald Williams appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision and remands this case for further proceedings.

### Background

Plaintiff filed an application for benefits on May 18, 2011. (R. 122.) His application was denied initially on August 26, 2011, and again on reconsideration on November 9, 2011. (R. 67-68.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 12, 2012. (R. 27-66.) On October 17, 2012, the ALJ issued a decision denying plaintiff's application. (R. 9-18.) The Appeals Council denied review (R. 1-4), and plaintiff appealed to this Court. (R. 452-54.) On September 19, 2014, this Court granted the parties' agreed motion to remand the case back to the agency. (R. 446.)

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited July 27, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

On August 4, 2015, the ALJ held a second hearing (R. 391-435), and on October 15, 2015, he issued another opinion denying plaintiff's application for benefits. (R. 374-84.) The Appeals Council denied review (R. 353-56), leaving the ALJ's 2015 decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether he is unable to perform any other work existing in

significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. (R. 376.) At step two, the ALJ found that, through plaintiff's date last insured ("DLI"), plaintiff had the severe impairments of "obesity and degenerative disc disease of the cervical spine." (*Id.*) At step three, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (R. 377.) At step four, the ALJ found that, through his DLI, plaintiff had the RFC to perform his past relevant work, and thus was not disabled. (R. 378-84.)

Plaintiff argues that the ALJ improperly weighed the medical opinion evidence, which consists of the RFC assessment by agency physician Panepinto dated August 25, 2011, the reconsideration of that assessment by agency physician Dow dated October 5, 2011, a second RFC assessment by Dr. Dow dated November 3, 2011,[2] and the RFC assessment of plaintiff's treating physician Ahmedy dated June 28, 2012.[3] (*See* R. 264-83, 287-94, 324-26.) Three of the four assessments contain standing/walking restrictions that preclude plaintiff from doing his past relevant work as a photo engraver and limit him to sedentary work, which plaintiff says is a de

---

[2]It is not clear why Dr. Dow rendered two, contradictory, opinions less than a month apart.

[3]Plaintiff does not argue that the ALJ should have given controlling weight to the opinion of his treating physician, Dr. Ahmedy. *See* 20 C.F.R. § 404.1527(c)(2) (stating that an ALJ must give the opinion of a treating physician controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record").

facto finding of disability under the Medical-Vocational Guidelines for someone of his age, education, and skills. (*See* R. 274, 283, 325, 432-33); *see also* Medical-Vocational Guidelines § 201.14, *available at*, https://www.ssa.gov/OP_Home/cfr20/404/404-app-p02.htm (last visited July 27, 2017.) But the ALJ credited the fourth assessment, Dr. Dow's November 3, 2011 assessment, because plaintiff "demonstrated relatively unremarkable signs on a thorough examination performed by [consultative examiner] Dr. DeBiase on August 10, 2011." (R. at 383.)

Reliance on Dr. Biase's consultative exam ("CE") might make sense if it occurred before Dr. Dow's November 2011 assessment and *after* the other three assessments, all of which contained standing/walking restrictions. However, the CE occurred before *any* of the RFC assessments was made. In fact, Dr. Panepinto explicitly references the CE in his August 25, 2011 RFC assessment that includes the standing/walking restriction – an assessment that Dr. Dow subsequently affirmed. (*See* R. 280, 283.) Given that the CE was completed before and incorporated into the three RFC assessments the ALJ rejected as well as the RFC assessment the ALJ adopted, the CE is not a basis for distinguishing among them. Moreover, because the CE was the only reason the ALJ gave for adopting Dr. Dow's second RFC, *i.e.*, for rejecting the standing/walking limitation of the other RFCs, that decision is not supported by substantial evidence. In other words, the ALJ cannot give greater weight to Dr. Dow's November 3, 2011 opinion and justify doing so because of the CE. Two of the three contradictory medical opinions, which had significant restrictions, also relied on the CE. The ALJ's reasoning is opaque, facially illogical, and/or inconsistent. Accordingly, the case must be remanded for reconsideration of the medical evidence.

Plaintiff also challenges the ALJ's credibility finding/symptom evaluation. Because the symptom evaluation rested, in part, on the ALJ's view of the medical evidence, that issue will have to be revisited on remand as well.

## Conclusion

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [22], reverses the Commissioner's decision, and remands this case for further proceedings. This case is terminated.

**SO ORDERED.**                                   **ENTERED:** July 27, 2017

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**